UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Robert Pohl and Melissa Pohl,

      Plaintiff,                          Civ. No. 12-535 (RHK/FLN)
                                                     **MEMORANDUM OPINION**
                                                     **AND ORDER**

v.

CitiMortgage, Inc., as Trustee,

      Defendant.

_____

      This case arises from Plaintiffs Robert and Melissa Pohl's inability to obtain a loan modification for their mortgage and the subsequent foreclosure by Defendant CitiMortgage, Inc. ("CitiMortgage"). Plaintiffs brought suit in the Wright County, Minnesota District Court, and CitiMortgage removed the action to this Court; it now moves to dismiss. For the reasons that follow, the Motion will be granted.

## BACKGROUND

      Plaintiffs live at 1011 Loveland Circle, Montrose, Minnesota ("the Property"). (Compl. at ¶¶ 3, 6.) When they fell behind on their mortgage payments, they were unable to obtain a loan modification and CitiMortgage foreclosed. (Id. at ¶¶ 7, 8.) CitiMortgage purchased the sheriff's certificate at a foreclosure sale on August 18, 2011. (Id. at ¶¶ 5, 8.)

      Plaintiffs then filed suit in Wright County, Minnesota, asserting three causes of action: (1) quiet title; (2) unjust enrichment; and (3) breach of implied

agreement/specific performance.  CitiMortgage removed the action to this Court, and it now moves to dismiss under Federal Rules of Civil Procedure 8 and 12(b)(6).  Plaintiffs have not responded to the Motion and failed to appear at a hearing on May 15, 2012.

## STANDARD OF DECISION

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 547 (2007).  A "formulaic recitation of the elements of a cause of action" will not suffice.  Id. at 555; accord Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  Rather, the complaint must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.  Stated differently, the plaintiff must "assert facts that affirmatively and plausibly suggest that [he] has the right he claims . . . , rather than facts that are merely consistent with such a right."  Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) (citing Twombly, 550 U.S. at 554–57).  The complaint must be construed liberally, and any reasonable inferences arising from the complaint must be interpreted in the light most favorable to the plaintiff.  Twombly, 550 U.S. at 554-56. "Ultimately, evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

## ANALYSIS

As an initial matter, CitiMortgage argues that this action should be dismissed because the Complaint fails to satisfy Federal Rule of Civil Procedure 8, which requires

2

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 is not a requirement for "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancements'" will not survive. Id. (quoting Twombly, 550 U.S. at 557).

Plaintiffs' claims all rest on the assertion that CitiMortgage's refusal to enter into a loan-modification agreement violated a duty that it owed them. (See Compl. ¶¶ 12-14, 16-17, 20-23.) However, none of the claims allows the Court to determine what exactly constituted CitiMortgage's unlawful act. Furthermore, there does not appear to be any authority for the proposition that Plaintiffs have a right to a loan modification. See Cox v. Mortg. Elec. Registration Sys., Inc., 794 F. Supp. 2d 1060, 1064 (D. Minn. 2011) (Doty, J.).

In any event, even if Plaintiffs had satisfied their Rule 8 obligations, the Complaint must still state a claim for which this Court may grant relief. Plaintiffs' first claim arises under Minn. Stat. § 559.01, which provides:

> Any person in possession of real property personally or through the person's tenant, or any other person having or claiming title to . . . real property, may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively.

In the present case, CitiMortgage foreclosed on Plaintiffs mortgage in August 2011, and purchased the sheriff's certificate for $79,900. The redemption period expired five weeks after the date of sale, under Minn. Stat. § 580.07, subd. 2.

Even viewing the Complaint in a light most favorable to Plaintiffs, it contains no legal or factual allegations that establish their right to a loan modification or entitle them to possession or title of the Property. CitiMortgage purchased the sheriff's certificate on August 18, 2011, and the statutory period of redemption expired five weeks later. See id. Plaintiffs do not allege that they exercised their right of redemption. The quiet-title claim rests on the erroneous assertion that Plaintiffs had a right to modify their loan with CitiMortgage. Cox, 794 F. Supp. 2d at 1064; Williams v. Geithner, Civ. No. 09-1959, 2009 WL 3757380, at *6-7 (D. Minn. Nov. 9, 2009) (Montgomery, J.).

Plaintiffs also assert a claim for unjust enrichment. However, "unjust enrichment claims do not lie simply because one party benefits from the efforts or obligations of others, but instead it must be shown that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully." First Nat'l Bank of St. Paul v. Ramier, 311 N.W.2d 502, 504 (Minn. 1981). CitiMortgage asserts that because none of Plaintiffs' other claims is viable, their unjust-enrichment claim must be dismissed. Plaintiffs have provided no facts suggesting that they are entitled to a loan modification, or that CitiMortgage is required to modify their loan. Nothing in the complaint asserts that CitiMortgage has taken anything unjustly. Indeed, the only act that CitiMortgage undertook according to the complaint was to refuse to modify Plaintiffs' loan. Choosing

not to modify a loan is not illegal or unlawful per se, and Plaintiffs have alleged no facts to establish that they were entitled to such a modification.

Plaintiffs' final claim is styled as a "Breach of Implied Agreement/Specific Performance." However, Plaintiffs plead no facts regarding the existence of an implied contract. Moreover, a claim based on an implied agreement to modify a loan is governed by Minnesota's statute of frauds, Minn. Stat. § 513.33, subd 2, which provides that a debtor "may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor."

Plaintiffs do not allege the existence of a written agreement to modify their mortgage, nor do they offer any evidence that necessarily implies the existence of one. The have alleged no stated consideration or material terms. In short, nothing in the Complaint supports this claim.

Lastly, the Court notes that, in Paragraph 22 of the Complaint, Plaintiffs assert "a superior claim to the interest in the subject property because of their Fee Simple Absolute and Unjust Enrichment, Breach of Implied Agreement, Misrepresentation, Fraud and Constructive Trust[1] on the part of Defendants." Even reading the Complaint liberally such that Plaintiffs assert each of the claims stated, the facts alleged in the Complaint do not support these claims.

---

[1] A constructive trust is a judicially created remedy imposed to prevent unjust enrichment. Wright v. Wright, 311 N.W.2d 484, 485 (Minn. 1981). In the absence of a valid claim for unjust enrichment or fraud, a constructive trust would be inappropriate.

5

As stated above, no facts support claims of unjust enrichment and breach of implied agreement. And at common law, both fraud and misrepresentation claims require a showing of fraudulent intent, or an intent to mislead. See Am. Sharecom, Inc. v. LDB Intern. Corp., 553 N.W.2d 433, 434 (Minn. Ct. App. 1996) (citing Burns v. Valene, 214 N.W.2d 686, 689 (Minn. 1974)); Specialized Tours, Inc. v. Hagen, 392 N.W.2d 520, 532 (Minn. 1986). With respect to these two "claims," the Complaint lacks any facts showing that CitiMortgage behaved falsely or dishonestly at any time. Plaintiffs simply state that they were unable to negotiate a settlement or modify their loan. Mentioning a cause of action in a complaint is insufficient to fulfill Plaintiffs' obligation to plead claims with specificity.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that CitiMortgage's Motion to Dismiss (Doc. No. 3) is **GRANTED**, and the Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 18, 2012                              s/Richard H. Kyle
                                                 RICHARD H. KYLE
                                                 United States District Judge